[No. 10,744.—Department One.]
October 12, 1882.

## THE PEOPLE v. COCHRAN.

CHALLENGE TO JUROR.—*Held:* The challenge to the juror C. was properly allowed by the Court.

ID.—DENIAL—EXCEPTION.—(McKEE, J.)  Where a challenge is taken to a juror, and there is no denial of the facts upon which it is made, and no exception, the decision of the Court is not open to review.

ID.—UNQUALIFIED OPINION—IMPLIED BIAS.—The having formed an unqualified opinion is no longer a cause of challenge for implied bias.

ID.—ID.—ACTUAL BIAS.—The fact that a juror has formed or expressed such an opinion may be proved as tending to establish the state of mind of the juror, but it is the duty of the trial Court, in such case, to find against the challenge for actual bias, if satisfied that the juror's opinion is founded upon common rumor, etc.; and that, notwithstanding his opinion, he can and will act impartially upon the matters submitted to him.

ID.—ID.—ID.—APPEAL.—There is no way in which the findings of the trial Court, upon the issue of the fact of the presence or absence of actual bias, can be reviewed here.

INSTRUCTIONS.—The Court is not bound to repeat itself at the request of counsel.  After it has already given an instruction, which substantially covers a question involved in the case, all other instructions on the same subject may well be refused.

ID.—RELEVANCY OF INSTRUCTION—MATERIAL ERROR.—If an instruction in a case is asked which refers to facts, which there is no evidence to prove, it is not error to refuse to give it; and if given, although in fact erroneous in the abstract, it will not be regarded as an error for which the judgment will be reversed, unless it be manifest that the jury were misled by it, to the prejudice of the defendant. Presumptively, however, an erroneous proposition of law, referring in no way to the evidence of the case submitted to the jury, has not prejudiced the defendant.

JURY—PAPERS—DIAGRAM—TRIAL.—There was no error in denying the request made by the attorney of the defendant to let the jury, upon retiring for deliberation, take with them a diagram which had been used in the trial of the cause in the examination of some of the witnesses.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of the County of Kern.  BRUNDAGE, J.

*R. E. Arick,* for Appellant.

*A. L. Hart,* Attorney-General, for Respondent.

McKEE, J.:

1. The District Attorney, in the examination of jurors,

challenged a juror named Craig, upon the ground that he had not been in the county for the past ninety days, and the Court allowed the challenge, to which ruling the defendant excepted.

Assuming that the juror was competent, and that the Court erred in allowing the challenge, the action of the Court is not reviewable here, because there was no denial of the facts alleged as ground of the challenge taken by the District Attorney; and no exception was interposed by the defendant to the challenge. (§§ 1077, 1061, 1062, Penal Code); therefore the decision of the Court, in allowing the challenge, did not constitute the subject of an exception (§ 1170, *supra*); and, under such circumstances, the decision is not open to review. (*People* v. *Atherton*, 51 Cal. 495; *People* v. *Colson*, 49 id. 679; *People* v. *Murphy*, 45 id. 137.)

2. Nor was there any error in disallowing the challenge taken to the juror, Hayden, on the ground that he had formed an unqualified opinion, because the opinion, which the juror had formed or expressed, was founded upon what he had read in newspapers, and he testified that he could, notwithstanding the opinion, act impartially and fairly upon the matters which were to be submitted to him. The opinion was therefore of such a character as did not disqualify him. (§§ 1074, 1076, *supra*.) Besides, in challenging the juror, the defendant did not state the specific grounds upon which the challenge was taken. At the close of the examination of the juror, on his *voir dire*, counsel for the defendant arose and said, "I challenge the juror." This was insufficient. "When a prisoner intends to exercise his right of challenge under the statute, he is bound to designate, in some way, the objections upon which it is his purpose to rely. He is not permitted to interpose a challenge of such an indefinite character that it cannot be ascertained if it be for implied or for actual bias." (*People* v. *Renfrow*, 41 Cal. 38; *People* v. *Cotta*, 49 id. 166; *People* v. *Buckley*, id. 241.)

3. The next assignment of error is that the Court erred in refusing to instruct the jury as follows: "Homicide is justifiable when committed in defense of person against one who manifestly intends or endeavors to do some great bodily injury upon any person." But the Court had, in its general

charge to the jury, given the following instruction: "Homicide is also justifiable when committed by any person in either of the following cases: 1. When resisting any attempt to murder any person, or to commit a felony, or to do some great bodily injury," etc.; and that was substantially the instructions asked for by the defendant. Having already given an instruction upon the subject, properly and with sufficient fullness, it was not necessary to give the additional instruction, which simply presented the same subject in language less explicit.

A Court is not bound to repeat itself at the request of counsel. After it has already given an instruction which substantially covers a question involved in the case, all other instructions on the same subject may well be refused.

Again, it is urged that the Court modified the instruction, which it had refused as above, so as to read as follows: "Homicide is justifiable when committed in defense of person against one who manifestly intends and endeavors in a violent, riotous, or tumultuous manner, to do some great bodily injury upon any person;" and, thus modified, gave it to the jury; and that is assigned as error.

The right of self-defense does not depend upon the manner in which an assault may be made, nor can it be limited to a mere right of resistance to a design and a danger, which arise out of circumstances of tumult and riot. If a person, in the circumstances in which he may be placed, has reasonable grounds to apprehend a design on his life or to do him some great bodily injury, and there is imminent danger that it may be accomplished, the right of self-defense arises, and may be exercised even to the taking of life, whether the design be manifested and the danger impend noiselessly or in a riotous and tumultuous manner. A design to commit a felony is not always accompanied by riot and tumult, nor is the imminency of danger always measurable by the noise which it makes.

But whether the instruction in its restrictive sense was correct, or misleading, and, therefore, erroneous, is of no practical moment in the case, because there was no evidence tending to show that the deceased had assailed the defendant in a riotous and tumultuous manner or otherwise; or that the de-

fendant had any grounds, reasonable or otherwise, to appre-
hend danger from the deceased. On the contrary, the evi-
dence showed that on the day of the homicide a mob had
riotously assembled for the purpose of breaking into the jail
of Kern county, to take out a prisoner and hang him, and
that the defendant, as one of the mob, while engaged in that
unlawful enterprise, shot and killed the deceased, who was
then in the performance of his duty, as Deputy Sheriff of the
county, guarding the jail. A homicide committed under such
circumstances is not justifiable, and the instruction asked by
the defendant, and modified by the Court, was, therefore, ir-
relevant to the evidence in the case.

If an instruction in a case is asked which refers to facts
which there is no evidence to prove, it is not error to refuse to
give it, and if given, although in fact erroneous in the abstract, it
will not be regarded as an error for which the judgment will
be reversed, unless it be manifest that the jury were misled
by it to the prejudice of the defendant.

Presumptively, however, an erroneous proposition of law,
referring in no way to the evidence in the case submitted to
the jury, has not prejudiced the defendant. "As there was
no question of justifiable homicide in the case," says Justice
Bronson, in the case of *Shorter* v. *The People*, 2 N. Y. 203,
"the prisoner had no right to call on the Court to instruct
the jury on that subject; and although the instruction given
was wrong in point of law, I do not see how it can possibly
have operated to the prejudice of the prisoner."

4. There was no error in denying the request made by the
attorney of the defendant to let the jury, upon retiring for
deliberation, take with them the diagram which had been
used at the trial of the case in the examination of some of
the witnesses. Section 1137 of the Penal Code provides, that
"upon retiring for deliberation, the jury *may* take with them
all papers which have been received as evidence in the case,
except depositions, or copies of such papers as ought not, in
the opinion of the Court, to be taken from the person having
them in possession," etc. The statute is not mandatory. It
directs the Court to allow the jury to take with them any
papers received as evidence which may be of service to them
in making up their verdict, but none can be taken without

permission of the Court. The matter is therefore left to . the sound discretion of the Court, and its action is not revisable, unless there has been an abuse of discretion. But the statute only refers to "papers received as evidence." Papers receivable as evidence on the trial of a case, are public and private writings. These are, when proved, primary, secondary, or *prima facie* evidence of their contents. Public maps or charts are, also, under certain circumstances, made by law, *prima facie* evidence of facts of general notoriety and interest (§ 1936, C. C. P.); but a diagram is not a public nor private writing, nor is it made by law primary, or secondary, or *prima facie* evidence of any fact or object represented by it. When used on the trial of a case, it is not used as evidence—it does not prove nor tend to prove, in the sense of evidence, any fact; it is simply a figure drawn to suggest to the minds of the jurors the relations between objects about which a witness is testifying, and may be drawn on paper or on a stationary blackboard, which can not be removed. The very construction of the figure itself is defined by the testimony of the witness, and as illustratory of his testimony it partakes of it, in the same way that the clearness of the expression of the witness partakes of his evidence; as such it was receptible by the jury, and was, in fact, taken with them upon their retirement, as much as any other part of the evidence. The bodily presence of the diagram was therefore unnecessary—it would not have made any more intelligible the evidence into which it had entered, and upon which the jury were bound to make up their verdict. The jury themselves saw no necessity for it, for they did not ask for it; therefore, its absence was not prejudicial to the defendant, and could not have influenced their verdict; and that which could not have influenced the verdict, will not be used to vitiate it.

Judgment and order affirmed.

MCKINSTRY, J., concurring:

1. I concur. The juror *Craig* was not challenged on the ground "that he had been absent from Kern County for ninety days," as stated by the appellant. The evidence tended to prove, and the Court below found it did prove, he had not

been a *resident* of the county "for ninety days before being selected and returned." (C. C. P., 198; P. C., 1072.)

2. As to defendant's challenge to the juror Hayden, the "having formed an unqualified opinion" is no longer a cause of challenge for "implied bias." (P. C., 1074.) It does not of itself constitute cause of challenge for "actual bias." The fact that a juror has formed or expressed such opinion may be proved as tending to establish "the state of mind" of the juror. (P. C., 1073, sub. 1.) But it is the duty of the trial Court to find against the challenge for actual bias, when supported by evidence of an unqualified opinion, if satisfied that the juror's opinion is founded "upon common rumor," etc., and that, notwithstanding his opinion, he can and will "act impartially and fairly upon the matters submitted to him." (P. C., 1076.) There is no way in which the finding of the trial Court upon the issue of fact—the presence or absence of actual bias—can be reviewed here. (P. C., 1170.)

3. The instruction asked by defendant was substantially given by the Court. As an abstract proposition, the "modified" instruction given is correct. Homicide *is* justifiable when committed in defense of person "against one who manifestly intends and endeavors, in a violent, riotous, or tumultuous manner, to do some great bodily injury," etc. The Court also instructed the jury that homicide is justifiable when committed in defense of person against one who endeavors to do great bodily injury—without reference to the manner. If it be suggested that the modified instruction, although abstractly correct, must have misled the jury to the belief that a homicide can not be justified except as against an attempt to do great bodily harm *violently* or *tumultuously*, the suggestion is met by an examination of the evidence. From this it appears that there was no evidence tending to prove *any* unlawful attempt on the part of deceased. Both of the instructions given were merely abstract statements of the law, not applicable to the evidence before the jury; neither could have injured the defendant.

4. Section 1137 of the Penal Code permits the jury, on retiring, to take with them "all papers which have been received as evidence in the case," and, "the written instructions given." A *diagram*—not claimed or purported to be an accurate

representation—used only to illustrate the testimony of a witness, is not "received in evidence" within the meaning of the section. But even with respect to papers introduced in evidence, and to written instructions, their contents are usually fully made known to the jury before their retirement. In aid of their recollection of the contents of a paper given in evidence, or of an instruction given, the jury may ask for the paper or instruction; but, if they believe themselves sufficiently acquainted with the contents, they may decline to take the paper or instruction with them. It is not the absolute right of the prosecution or defense to have the papers or instructions sent with the jury, unless the jury demand it.

Ross, J., concurred.