Howard Owens PAGE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12629.

Criminal Court of Appeals of Oklahoma.

Nov. 19, 1958.

M. M. Baucum, Jerome Sullivan, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Justice.

Plaintiff in error, Howard Owens Page, defendant below, was charged by information in the County Court of Stephens County, Oklahoma, with the offense of operating a motor vehicle while under the influence of intoxicating liquor. He was tried to a jury, convicted, and his punishment left to the trial court. The trial court accordingly fixed punishment at a fine of $50 and ten days in jail. 47 O.S.Supp.1957 § 93. Judgment and sentence were entered thereon, from which this appeal has been taken.

The defendant's first contention is that the trial court erred in allowing and permitting the jury to separate and go to their noon luncheon after all of the evidence had been introduced and argument of counsel on both sides had been made. The record discloses that after the instructions had been read to the jury, the trial court permitted the jury to separate, go their respective ways during the lunch time with directions to later return, reassemble, and consider their verdict in the case. This was done over the objection of the defendant, which objection was overruled and excepted to.

The state contends this was not error for the case had not been finally submitted to the jury and this would not be accomplished until the written instructions and forms of verdict had been handed to them and they were placed in charge of the foreman for deliberations under the provisions of 22 O.S.1951 § 857, which reads as follows:

"After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court

when they have so agreed or when ordered by the court."

It is well established, as set forth in Bilton v. Territory, 1 Okl.Cr. 566, 99 P. 163, that the provisions of this section of the statutes

"* * * imperatively requires that, upon the final submission of the cause to the jury, they cannot be permitted to separate, and if, after such submission, the jury separates such separation vitiates the verdict, notwithstanding no affirmative proof of prejudice is offered."

Armstrong v. State, 2 Okl.Cr. 567, 103 P. 658, 661, 24 L.R.A.,N.S. 776; Chance v. State, 5 Okl.Cr. 194, 113 P. 996. See also Green v. State, Okl.Cr.App., 319 P.2d 321, to the effect that the prosecution has the burden of showing that no injury could have resulted to the defendant.

█ The issue presented for determination is at what point is the case submitted to the jury? In Evans v. State, 26 Okl.Cr. 9, 221 P. 794, 796, this Court has said:

"We think as a matter of law that the 'submission of the cause to the jury' occurs at the close of the argument. Under the old statute the argument preceded the charge. Under the present statute the charge precedes the argument. Under the provisions of the section above quoted, (22 O.S.1951 § 857, supra) the jury must at once do one of the two things specified, viz.: Either decide in court, or retire for deliberation; and, if they cannot decide in court, one or more officers must be sworn to keep them together, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court.

*     *     *     *     *     *

"In principle, we can see little difference between a separation of the jury after hearing the charge and the argument of counsel, and a separation after the actual retirement of the jury for deliberation.

*     *     *     *     *     *

"* * * Courts cannot be too strict in guarding trials by juries from improper influences, and in compelling a vigilant observance of all the provisions of the Criminal Code tending to preserve the purity of such trials. Believing that such danger existed in this case, the defendant requested that the jury be kept together under the charge of a sworn officer.

*     *     *     *     *     *

"It will not do for courts to sanction such loose practice in proceedings which jeopardize the life and liberty of the citizen. Every person charged with crime is entitled, as a matter of right, to require in the first instance, a compliance with the ordinary forms of law to secure him a fair and impartial trial; and, if the provisions of law intended for his security are disregarded, he may require satisfactory evidence from the state that he has not been injured by reason of such noncompliance.

"On the record before us we are convinced that the defendant should have a new trial. We think the refusal of the trial court of the defendant's request to have the jury placed in charge of a sworn officer was a manifest abuse of judicial discretion, and the failure and refusal of the court at the close of the argument to submit the cause and to have the jury kept together in charge of a sworn bailiff constitutes prejudicial error."

There was no evidence offered by the state to overcome the presumption of prejudice herein. As hereinbefore stated, the burden was upon the state to show that the defendant suffered no injury by reason of the jury's separation.

█ We are of the opinion that the trial court abused its discretion in permitting the jury to separate, since the case was submitted to them at the close of the instructions and the arguments. The act of handing the written instructions to the jury, which had already been read to them, was

not imperative or mandatory, but under the provisions of 22 O.S.1951 § 893, was permissive. This statute reads, in part:

"On retiring for deliberation the jury may take with them the written instructions given by the court; the forms of verdict approved by the court, * * *."

The same is true of the verdict forms. In Rea v. State, 3 Okl.Cr. 281, 105 P. 386, 106 P. 982, it was held that this section is merely permissive. See also People v. Cochran, 61 Cal. 548, to the same effect. Delivering to the jury the written instructions and verdict forms were manual or ministerial acts of convenience for the benefit of the jury of which the jury may or may not elect to avail itself. Whether they decided so to do might not affect the defendant's substantial rights.

The defendant's other assignments of error, under this record, cannot be sustained.

The judgment and sentence is accordingly reversed and remanded for a new trial.

POWELL and NIX, JJ., concur.