Lester Vincent HAYES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13514.

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1964.

Joseph A. Young, Jr., Burkett & Young, Woodward, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff-in-Error, Lester Vincent Hayes, hereinafter referred to as defendant was charged by Information in the County Court of Ellis County with the crime of Driving While Under the Influence of Intoxicating Liquor. He was tried by a jury, found guilty, and sentenced to 10 days in the County Jail and $150.00 Fine. He has perfected his timely appeal in this Court asserting several propositions of error. The facts of the case will be set forth briefly.

Defendant was employed as a traveling salesman and had stopped for the night in Shattuck at the Holiday Motel. By his own testimony, he admits taking a "couple of drinks" of orange and vodka. He then testifies that he has a sinus condition and high blood pressure; and took a "Triaminicin" tablet. All of this just prior to leaving the motel. He then drove toward town and jumped the curb and hit a telephone pole. Officer Davis arrived to investigate the accident. He was placed under arrest, and at the police station, given several tests for sobriety, and then to the hospital for a blood test and returned to jail. Defendant asserts that the reason for the accident and his actions and appearance on the evening in question was the result of the sinus pill and the high blood pressure and not as a result of any liquor which he drank.

Defendant's first assignment of error states that the trial court erred in refusing to grant a mis-trial for misconduct on the part of the jurors and bailiff.

The incident complained of is shown by testimony at the hearing for Motion for New Trial (cn 137–150). The record reveals that one of the jurors had a conversation with Trooper Likes, one of the State's witnesses, during the noon recess. The trooper and the bailiff testified that the conversation related only to a traffic citation which the juror had received in another county. He showed the trooper a receipt for a "bond" and wanted to know if he would have to appear again in the court

where he had posted it. The trooper told the juror he would look into the matter and let him know. The bailiff testified the trooper did not know at the time he was talking to a juror on that case. There appears no evidence in the record anywhere that the case on trial was mentioned in any respect.

█ The attorney general's brief states a general rule, which we deem to be applicable, from 5 Wharton's Criminal Law and Procedure (13th Edition) § 2121, at page 310, as follows:

"A casual conversation between a juror and a Witness for the state not relating to the case on trial is generally not prejudicial error, though conversation with a party or other persons about the case is ground for setting aside the verdict."

In the case of Cox v. State, Okl.Cr., 283 P.2d 545, there is a distinction made as to the burden of proof before and after final submission. It is conceded by abundant authority and numerous decisions that *after* final submission that separation of the jury or any action subjecting them to outside influence is presumed to prejudice the defendant and the burden is upon the state to prove otherwise. *Before* final submission the courts are clear upon the matter of separation—that the burden of proof is upon the defendant to show prejudice or denial of a fair trial.[1]

In the instant case, the testimony put on by the defendant was not sufficient to show prejudice to the defendant. Prejudice, before submission, will not be presumed in situations where contact or communication with the jury or jurors is shown—and nothing more.

1. The exception to this was laid out in the later case of Fields v. State, Okl.Cr., 364 P.2d 723: "We do not think that that should be the rule when the misconduct was between a juror and an officer of the court. Since the state participated in the misconduct the context of the conversation is within the knowledge of

Defendant's second assignment of error is that the trial court erred in admitting testimony concerning a blood-alcohol test, without predicate or basis of any sort being laid. The record reveals that the doctor who drew the blood sample testified as to all the details up to the time it was placed in the mail. The State Chemist took the sample from its arrival in the mail, and testified as to the report, the test, and identification. Counsel did not object to, nor did he cross-examine this positive testimony by the witness that the blood-alcohol analyis was made on a blood sample from the defendant. Instead, he continued to object because the blood sample itself was not introduced in evidence. He objected to the report, claiming that the sample of blood would be the "Best Evidence".

█ The "Best Evidence" rule, stated generally, is as follows:

"For the purpose of proving the *content of a writing*, the original writing itself is regarded as the primary evidence, and secondary evidence is inadmissible unless failure to offer the original is satisfactorily explained." (Emphasis ours.)

In a 1963 Federal Oklahoma case, Chandler v. United States, 318 F.2d 356, it was further stated:

" '[B]est evidence' rule * * * is ordinarily limited to situations where question relates to contents of written documents."

This Rule, as stated above, is simply not applicable to the blood sample in the instant case.

█ Defendant's proposition number three is that the trial court erred in refusing to withdraw from the consideration of the jury a statement made by the county

the state and they should be called upon to show its nonprejudicial effect. We think that it is sufficient for the defendant to show the misconduct and once this is shown it automatically shifts the burden upon the state to show nonprejudice by competent evidence."

attorney in his closing argument. The remark complained of appears at page 115 of the casemade:

> "Mr. Barton: 'Ladies and Gentlemen, at the outset of this case I told you that we would prove beyond a reasonable doubt that Lester Vincent Hayes was guilty of operating or driving while under the influence of intoxicating liquor. The State has proved this. I feel that they have proved this beyoun a reasonable doubt.' "

Defendant's cited case is not exactly applicable in this instance. The applicable law is well settled regarding county attorney's closing argument, as set forth in Massey v. State, Okl.Cr., 279 P.2d 383, in which this court said:

> "It is the duty of the county attorney in his argument to the jury to confine himself to the facts as shown by the evidence. But he has the right to draw his deductions and conclusions, and unless the statement or arguments are such that deprive a defendant of his substantial rights, or are such that would arouse passion and prejudice of the jury to the extent that they would be swayed from arriving at a just verdict, the judgment and sentence will not be set aside on appeal."

This Court held further in a recent case, Music v. State, Okl.Cr., 396 P.2d 894, handed down November 18, 1964:

> "The prosecuting attorney should not express his private opinion as to defendant's guilt * * * but * * * may state his conclusion based on the evidence."

It is the opinion of the Court that the statement made by the county attorney in the instant case was not an expression of an opinion as to the guilt of the defendant, but stated his conclusion based on the evidence.

■ Defendant's next assertion of error is that the trial court erred in refusing to give defendant's requested instructions.

The instruction complained of are numbers 5 and 9. Upon examination of the record, it appears there were no objections nor exceptions taken by defense counsel to the two stated instructions. This Court will again state the settled law in this respect, as set forth in Clark v. State, Okl.Cr., 383 P.2d 236:

> Alleged error in giving of instructions will not be considered on appeal, in absence of an exception saved to the giving of the instruction unless so erroneous as to mislead and confuse the jury as to the issue of the case, or is of such fundamental nature as to deny defendant due process.

See, also Baxter v. State, Okl.Cr., 364 P.2d 705.

■ Defendant's last contention of error is that the trial court erred in refusing to instruct the jury as to the defendant's theory of defense.

This question has just been thoroughly discussed in the case of Jackson v. State, Okl.Cr., 397 P.2d 920, handed down on October 21, 1964. This Court held:

> "The fact that any person charged with a violation of this paragraph is or has been lawfully entitled to use such narcotic drug, barbiturate, amphetamine, marihuana, or other drug shall not constitute a defense against any charge of violating this paragraph." Title 47, O.S.A. § 11–902, sub-section (b).

We will not discuss this further, as it is set forth in the statute in clear language. Inasmuch as taking drugs is not a defense against Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, the trial judge did not err in refusing the instruction on same. However, there again was no objection nor exception to the instruction.

There being no error meritorious enough to warrant a reversal in this cause, the judgment and sentence of the trial court is hereby affirmed.