George McKINLEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13654.

Court of Criminal Appeals of Oklahoma.

July 14, 1965.

Rehearing Denied Aug. 2, 1965.

Malcolm Baucum, Oklahoma City, for plaintiff in error.

James R. Fuson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

George McKinley was charged by information in the Court of Common Pleas of Oklahoma County with the crime of operating a motor vehicle while under the influence of intoxicating liquor. He was tried by a jury who found him guilty and assessed his punishment at ten (10) days in the county jail and a fine of $10.00. Judgment and sentence was pronounced in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

The sole question presented on appeal is that the trial court erred in permitting the jury to separate after the case had been

submitted to them. The pertinent facts giving rise to this assignment of error appear in the casemade at pages 59, 60 and 61 where the following proceedings were had:

"THEREUPON, and at 10:35 a. m., Tuesday November 17th 1964, ARGUMENTS were had to the Jury by counsel for the respective parties.

"AND at 11:00 a. m., November 17, 1964, the Court instructed the jury to retire to the juryroom and deliberate upon its verdict; and the 12 jurors left the Courtroom.

"THEREAFTER and at 12:00 o'clock noon November 17, 1964, the 12 jurors requested a noon recess for lunch.

"THE COURT: (Outside the hearing of the jurors) Let the record show that the defendant is here in person and that his Attorney has to leave the courthouse in another matter, and that defendant and his attorney agree that the Court may receive the jury and/or receive the verdict.

"THEREUPON, the Court directed the Bailiff to bring the 12 jurors into the Courtroom, which was done.

"THE COURT: Have you selected a foreman?

"THE FOREMAN: Yes, sir.

"THE COURT: Do you want to ask the Court something?

"THE FOREMAN: Yes, sir. We would like to go to lunch.

"THE COURT: Let the record show that all members of the jury being present ask the Court to grant them a recess for lunch. Let the record further show that the Court will excuse the jurors for a lunch recess. Remember the admonition the Court has heretofore given you. I would like to have you back here at 1:15 p. m., to day, November 17th, 1964. It is now 12:05 p. m. Let me have the Exhibit, the verdicts and Instructions until you return.

"THEREAFTER and at 1:15 p. m., November 17, 1964, Court reconvened,

the defendant being present in person and the State of Oklahoma being present by Mr. H. C. Cooper, Assistant County Attorney of Oklahoma County, Oklahoma, the 12 jurors being in the courtroom.

"THE COURT: Members of the jury, you may now return to the juryroom and continue your deliberations. When you arrive at a verdict, knock on the door, and the Bailiff will report to you.

"THEREUPON, the 12 jurors retired to the juryroom to deliberate upon their verdict.

"THEREAFTER and at 3:15 p. m., Tuesday November 17, 1964, Court reconvened, all parties appearing at last above stated, the 12 jurors being in the courtroom.

"THE COURT: Have you arrived at a verdict?

"THE FOREMAN: Yes, sir.

"THE COURT: The clerk will read the Verdict.

"THEREUPON, the Clerk read the Verdict in open Court, and the Court polled each juror who signed the verdict, each juror so polled answering in the affirmative that the verdict was his or her verdict. And the Court thereupon ordered the Clerk to file and record the Verdict.

"THEREUPON the Court dismissed the 12 jurors from any further consideration of this case, and the jurors left the courtroom. And the trial proceedings of November 16th and 17th, 1964, in this cause were concluded."

■ In his brief and argument before the Court, counsel for the defendant asserts that in his absence and without his consent, the trial court allowed the jury to separate for lunch and that in so doing the court committed fundamental error. The defendant relies upon Page v. State, Okl. Cr., 332 P.2d 693, wherein this Court, speaking through the Honorable John Brett

in construing Title 22 O.S.1951 § 857, had this to say:

"The provisions of 22 O.S.1951 § 857 imperatively require that upon the final submission of the case to the jury, they cannot be permitted to separate, and if permitted to separate, such separation vitiates the verdict, in the absence of proof by the state that no prejudicial injury resulted by reason of their separation."

It is the position of the state that the record does not support the defendant's assertion that the jury was allowed to separate, but merely reflects that the court allowed the jury to recess for lunch.

While we are inclined to agree with the state's interpretation of the record, such interpretation is unnecessary to a determination of the issue here presented.

In Page v. State, supra, and in every other reported instance where this Court has reversed and remanded a case for new trial it affirmatively appeared that the trial court allowed the jury to separate over the objection and exception of the defendant. In each instance the error was preserved and presented to the trial court in the motion for new trial, and in each instance the state failed to introduce evidence to overcome the presumption of prejudice that arises when a jury is allowed to separate over the defendant's objection.

In the instant case counsel for defendant had voluntarily absented himself with the apparent acquiescence of the defendant, and was not present when the jury requested a recess for lunch, and assuming that defendant's contention that the court allowed the jury to separate is correct, it, nevertheless appears that the defendant was present and failed to object. Moreover, it does not appear that the alleged separation was assigned as error in the defendant's motion for new trial, nor was the state given an opportunity to present evidence to overcome the presumption of prejudice had a timely objection been interposed when the alleged error occurred.

We are of the opinion, and therefore hold, that when a case has been submitted to a jury and no request is made that they be kept together, and they are allowed to separate without objection being interposed, defendant will be deemed to have waived any objection to such separation, and the error may not be raised for the first time on appeal.

The record being free from fundamental error, and the evidence amply supporting the verdict of the jury, the judgment and sentence appealed from is accordingly affirmed.

NIX and BRETT, JJ., concur.