Gary Mitchell GLASS, Plaintiff-in-Error,

v.

The STATE of Oklahoma, Defendant-in-Error.

No. A–14499.

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1968.

Jay D. Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Bruce G. Rossiter, Legal Intern for the Atty. Gen., for defendant in error.

BUSSEY, Judge.

Gary Mitchell Glass, hereinafter referred to as defendant, was charged, tried and convicted for the crime of Murder in the District Court of Tulsa County, Oklahoma, and from the judgment and sentence fixing his punishment at life imprisonment in the State Penitentiary at McAlester, he appeals.

It is first contended that the trial court committed prejudicial and reversible error when he made the following state-

ments to counsel in the presence of the jury. Appearing in the casemade at page 134, the following occurred:

"MR. PARKS: Before Harold testifies I want to take this report away from him. I want to hear this testimony.

MR. SHAFFER: We are going to object—

THE COURT: He has a right—

MR. PARKS: This is not proper.

MR. SHAFFER: May it please the Court, may we ask that the jury be admonished that the remarks of counsel which are highly prejudicial in this court—

THE COURT: You will not consider them. It has been done for a hundred years.

MR. SHAFFER: He made his report.

THE COURT: They always use a report.

MR. PARKS: Not when I have my objections to it.

THE COURT: Your making objections to it does not lend any strength to it at all."

Further appearing in the casemade at page 178, the following colloquy took place between the Judge and counsel for defense:

"All the representations made to me, by counsel, still go with reference to the jury?

MR. PARKS: My representations will always—

THE COURT: I just wanted to make you say it again. I want to say to the jury that through the candidness of these gentlemen the Court was assisted in making up his mind about what to do with you between now and the end of the trial."

It is defendant's contention that the remarks of the judge, as above set forth, implied that counsel for defendant was being less than candid with the court. With this contention we do not agree. The remarks of the court "it has been done for a hundred years" were advisory to counsel and fall within the rule enunciated in McGowan v. State, Okl.Cr.App., 380 P.2d 274, wherein this Court stated:

"The comments of the trial court cited as error by defendants are occurrences in which the Court * * * speaks to counsel in reply to a ruling on objections, and are, in our opinion, of an 'advisory' nature only."

We are likewise of the opinion that the trial court did not imply that counsel for defendant was not candid when he stated, "I just wanted to make you say it again," for immediately following this remark the court went on to say:

"I want to say to the jury that through the candidness of these gentlemen the Court was assisted in making up his mind about what to do with you between now and the end of the trial."

It is abundantly clear that he was complimenting both counsel for their candidness.

██ Finding this assignment of error without merit, we will next consider the defendant's contention that the trial court erred in refusing to grant a mistrial when counsel for defendant called to his attention that the jurors were momentarily out of the presence and view of the bailiff during noon recess prior to the submission of the case to the jurors. It is significant that counsel for defense did not allege or seek to prove that anyone had attempted to talk to any of the jurors about the case, nor did he offer proof that anything occurred prejudicial to the defendant. It does appear that the bailiff came back into the courtroom to get a scarf and returned immediately to the jury. In French v. State, Okl.Cr.App., 416 P.2d 171, we stated the rule applicable in the instant case that:

"The rule is well settled that the separation of the jury for a short period of time or overnight where not objected to by counsel, or shown by affidavits or testimony on motion for new trial that defendant was prejudiced, will not vitiate a verdict."

For the reasons stated in this opinion, and in accordance with the previous decisions of this Court cited herein, the judgment and sentence of the District Court of Tulsa County is affirmed.

NIX, P. J., and BRETT, J., concur.