**Billy Ray WALTERS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–168.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1976.

Pete Silva, Jr., Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Billy Ray Walters, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–75–1014, for the offense of Burglary in the First Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1431. His punishment was fixed at forty (40) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Margaret Ferguson testified that on May 9, 1975, she resided at 1136 North Hartford in Tulsa, Oklahoma; that at approximately 5:30 a. m. she was awakened by someone striking her in the face. The person whom she identified in court

as defendant continued striking and choking her while demanding money and pills. The defendant took some money which was on a table and a cassette tape recorder. He thereafter forced her to drive him from the scene. She drove him around the neighborhood for approximately ten minutes until he passed out. She stopped at a friend's house and called the police. She testified that the night latch had been torn completely off the back door. She identified State's Exhibit No. 6 as her photo wallet and State's Exhibit No. 7 as a rent receipt.

On cross-examination she admitted a former conviction for harboring a fugitive. She further admitted that her husband had been previously selling liquor without a liquor license.

Officer David Kimbler testified that during the early morning hours of May 9, 1975, he answered a disturbance call. He had a conversation with a lady who reported that someone had broken into her house and beaten her. He was directed to her vehicle where he found the defendant passed out in the front seat. Defendant had a .38 caliber revolver in his pants pocket. He identified State's Exhibits 6 and 7 as items removed from the defendant's person.

For the defense Geraldine Walters, defendant's wife, testified that she was acquainted with Margaret Ferguson and her husband Ted; that she and the defendant had gone to the Ferguson's house several times prior to the alleged burglary; that while at the Ferguson's she observed the sale and consumption of alcoholic beverages and gambling. She testified that after the defendant was arrested, Ted Ferguson approached her and offered to see that his wife did not testify if she would pay him $250.00; that when she refused to pay him the money he became angry and threatened to see that the defendant would get ten years.

In rebuttal, Ted Ferguson denied asking Mrs. Walters for any money. He testified that she offered him $500.00 to convince his wife not to testify. He admitted that he presented the offer to Margaret but that she refused.

■ The first assignment of error is that the trial court erred in admitting gruesome and prejudicial photographs of the victim. Defendant argues that the photographs did not have any probative value and failed to prove any material allegation of the offense alleged. We have previously held that the admissibility of a photograph into evidence in a criminal case is a matter addressed to the discretion of the trial court under circumstances of a particular case. See, *Vavra v. State*, Okl. Cr., 509 P.2d 1379 (1973). We have further held that when a photograph is shown to be a faithful reproduction of whatever it purports to reproduce, it is admissible into evidence as an appropriate aid to the jury in applying the evidence, where the photograph relates to persons, things, or places. *Robison v. State*, Okl.Cr., 430 P.2d 814 (1967). We are of the opinion that the trial court did not abuse its discretion in admitting the two photographs, in that the same were pertinent to support the testimony of Mrs. Ferguson as to the injuries she received on the morning in question. We, therefore, find this assignment of error to be without merit.

■ The second assignment of error is that the trial court erred in allowing the jury to separate after final submission of the case. The record reflects that the following transpired:

"THE COURT: * * *

"Mr. Foreman, would you tell me how you stand, just tell me the number count.

"MR. HAWES: It is nine to three.

"THE COURT: Do you think you can arrive at a verdict in the near future or should I send you to lunch first?

"MR. HAWES: Maybe we ought to go to lunch.

"THE COURT: All right, we will recess then until 1:30 and I will ask you to

be back in this courtroom at 1:30. I want to remind you of the admonitions that I have given you. You are not to discuss the case or let anyone discuss it with you; do not try to find out anything on your own, you have heard all of the facts in this courtroom. Do not read any newspapers or talk to anybody about the case. I will ask you to be back in here at 1:15 and we will all be back here at that time.

"Mr. Sheriff, if you will bring the defendant back at that time.

"The Court is recessed until 1:15." [Tr. 113–114]

In *McKinley v. State,* Okl.Cr., 403 P.2d 789 (1965), wherein the identical assignment of error was raised, we stated:

"We are of the opinion, and therefore hold, that when a case has been submitted to a jury and no request is made that they be kept together, and they are allowed to separate without objection being interposed, defendant will be deemed to have waived any objection to such separation, and the error may not be raised for the first time on appeal."

We, therefore, find this assginment of error to be without merit.

The final assignment of error is that the sentence is excessive. We have repeatedly held that whether punishment is excessive must be determined by a study of all the facts and circumstances in each case and that this Court lacks the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. See, *Poke v. State,* Okl.Cr., 515 P.2d 252 (1973). Considering that this is defendant's fourth felony conviction, we cannot conscientiously say that the sentence of forty (40) years shocks the conscience of this Court. The judgment and sentence is accordingly *AFFIRMED.*

BRETT, P. J., and BLISS, J., concur.