James Edward BYRD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-657.

Court of Criminal Appeals of Oklahoma.

Jan. 11, 1983.

H. Lee Schmidt, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

James Edward Byrd was convicted of Robbery with Firearms, in the District Court of Comanche County, Case No. CRF–79–319, pursuant to 21 O.S.1981, § 801. From his sentence of twenty five (25) years' imprisonment, he now appeals.

In his first assignment of error, defendant alleges that the court's instructions when viewed as a whole, failed to apprise

the jury of the law, failed to advise them of the purposes of the evidence and were confusing. Specifically the defendant alleges that the trial court erred by improperly instructing the jury in two instances and by failing to give instructions in four instances. We initially note that the defendant failed to object to the trial court's proposed instructions and failed to request any further instructions. It is the general rule that where a defendant fails to object to instructions given or does not submit requested instructions, and where the instructions given adequately cover the subject matter of inquiry, any error was waived. *Maghe v. State,* 620 P.2d 433 (Okl.Cr.1980). *Jetton v. State,* 632 P.2d 432 (Okl.Cr.1981). Further, this assignment of error was not preserved in the motion for new trial, *Hawkins v. State,* 569 P.2d 490 (Okl.Cr.1977).

■ In his second assignment of error, the defendant alleges reversible error occurred when Lawton police officer Kenneth Stradley, injected evidence of other crimes. We initially note that this error was not specifically urged in defendant's motion for new trial, and in such cases where assignments of error are not properly preserved, we only search the record for fundamental error. *Hawkins v. State,* supra.

■ On cross-examination of Officer Stradley, defense counsel inquired about a person moving around in the back seat as the officer pursued the suspects: "Was this causing the car in any way to act erratically?" Officer Stradley replied; "I was too busy watching him. I thought he was going to start shooting." We find that Officer Stradley's testimony concerning his hot pursuit of the defendant and co-defendants is so connected by the offense charged, Robbery with Firearms, as to form a part of an "entire transaction," *Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980). The defendant's second assignment of error is without merit.

■ Defendant's third assignment of error states that the trial court erred by separating one juror from the rest of the jury during the course of trial. The record re-

veals that on direct examination of a prosecution witness, the trial court interrupted by calling out to one of the jurors: "THE COURT: Mr. Clemmer, Mr. Clemmer. We're going to recess at this time. Would you come into the office with me Mr. Clemmer?" (Tr. 28). A short recess was taken, after which trial resumed.

Specifically defendant alleges that the trial court committed reversible error by failing to comply with 22 O.S.1981, § 853, which requires that jurors be kept in charge of proper officers and 22 O.S.1981, § 854, which requires admonishment of the jurors upon adjournment of the court. We initially note that this assignment of error was not properly preserved in the motion for new trial. *Hawkins v. State,* supra. Also defense counsel failed to object or request an admonishment to the jury upon trial court's declaration of the recess and therefore any allegation of error was waived. *Goforth v. State,* 595 P.2d 813 (Okl.Cr.1979). Defendant's allegation that he was prejudiced by the trial court's "conference" with the juror is also waived for failure of defense counsel to object. Further, the established rule is that before final submission of a case to a jury, the burden of proof is upon the defendant to show prejudice by separation of a juror or by any action subjecting the juror to outside influence. *Muller v. State,* 456 P.2d 903 (Okl.Cr.1969); cert. denied, 90 S.Ct. 482, 396 U.S. 987, 24 L.Ed.2d 451 (1969). *Hayes v. State,* 397 P.2d 524 (Okl.Cr.1964). Defendant has failed to demonstrate any such prejudice. The defendant's third assignment of error is without merit.

■ In another assignment of error, the defendant alleges that there was insufficient grounds for the investigatory stop which led to his subsequent arrest and search and therefore evidence obtained therefrom should be excluded.

In *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court stated:

[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investi-

gating possible criminal behavior even though there is not probable cause to make an arrest.

Such investigatory stops must however, "be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez,* 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

■ Lawton police officer Stradley testified that at approximately 10:00 in the morning, he received a police dispatch over his radio that an armed robbery of McNeil's Pharmacy had just been committed and that three white male suspects left the scene in a brown Thunderbird. Minutes later Officer Stradley noticed two white males in a brown Mercury, which he testified looked similar to a Thunderbird. His suspicions aroused, the officer then followed the vehicle and requested more information. While following the suspects, they turned onto a turnpike and picked up considerable speed. As the officer turned on his overhead lights, a third suspect appeared in the backseat and the vehicle accelerated rapidly. Officer Stradley further testified that at the time he turned on his overheads, his intention was not to arrest the suspects, but was to merely check the individuals and conduct a field interview. Based on the whole picture, Officer Stradley, reasonably surmised that the vehicle he attempted to stop had been engaged in criminal activity. *Terry,* supra, and *Cortez,* supra. Therefore the officer was justified in attempting the investigatory stop of defendant's vehicle and this assignment of error is without merit.

■ Finally, the defendant alleges the trial court erred in admitting hearsay into evidence. On direct examination by the State, Lawton police officer, Doug Joyner, testified that after hot pursuit of the defendant's vehicle, he shot co-defendant John Baker, when Baker pointed a gun at him, and that co-defendant Baker then made a statement to him while he was on the ground as follows:

At that point he said I want you—said I want to tell you something. He said I

didn't go in the building when we robbed that store. He said they went in, and at that time he nodded at the man laying over there in the handcuffs laying face down, the one I had cuffed, and he said the other one, and he was looking out in the field. We could both still see the other one running out in the field with the gun.

Prior to Officer Joyner's testimony the trial court ruled that the accusatory hearsay was admissible under three exceptions to the hearsay rule; admissible as an excited utterance, as a dying declaration and under Section 2804(B)(5). We are of the opinion that in the instant case, the accusatory hearsay testified to by Officer Joyner is not included under any exception to the hearsay rule.

First, 12 O.S.1981, § 2803 provides that the following are not excluded by the hearsay rule, even though the declarant is available as a witness:

1. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter;

2. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

An excited utterance is made contemporaneous with a specific event, which relates to or describes the event, and is held to be reliable because its nearness to the stimulating event excludes the possibility of premeditation and fabrication. *Bishop v. State,* 581 P.2d 45 (Okl.Cr.1978). In the instant case, the record reveals that subsequent to the robbery, the defendants were pursued by police officers at high speeds for several miles. Officer Joyner testified that after the defendant's car came to a stop, he shot co-defendant Baker and handcuffed another co-defendant before co-defendant Baker made the accusatory statement. Clearly the statements were not made contemporaneous with the offense and they possess no independent indicia of reliability.

Next, the accusatory hearsay is not included under the "dying declaration" excep-

tion to the hearsay rule. By definition, the "dying declaration" exception [1] to the hearsay rule is confined to homicide prosecutions.

. Finally, the "residual" [2] exception to the hearsay rule does not apply to the statements. The self-serving accusatory statements made by co-defendant Baker are without "equivalent circumstantial guarantees of trustworthiness." 12 O.S.1981, § 2804 B(5). Further, co-defendant Baker, did not take the witness stand and defendant Byrd could not question him about these vital matters.

■ Ordinarily in a closer case, the admission of accusatory hearsay similar to the instant case, would constitute reversible error. However, the independent evidence of

defendant's guilt was overwhelming [3] and therefore the error did not affect the verdict and was harmless. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH, J., concurs.

BRETT, J., concurs in result.

1. 12 O.S.1981, § 2804 B(2) provides:
    B. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness.
    2. In a prosecution for homicide or in a civil action or proceeding, a statement made by a declarant while believing that his death was imminent.

2. 12 O.S.1981, § 2804 B(5) provides:
    5. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that:
    a. the statement is offered as evidence of a material fact.
    b. the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure though reasonable efforts, and
    c. the general purposes of this Code and the interests of justice will best be served by admission of the statement into evidence. A statement shall not be admitted under this exception unless its proponent makes known to the adverse party, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

3. The evidence of defendant's guilt consisted of the following:
    1. Witness Tracy Plank and Bobby McNeil, victims of the robbery, identified clothes worn by the robber as being clothes worn by the defendant upon his apprehension, and they identified various stolen items which were subsequently recovered from a passenger car in which the defendant was apprehended. Both witnesses testified that during the robbery, one robber called the other "Jimmy."
    2. Witness Virgie Johnson testified she saw the two defendants run out of the drug store carrying various items, get into a late model brown Ford with another defendant and speed away from the scene. She further testified that she described the getaway vehicle to police officers.
    3. Officers Stradley and Joyner testified that they engaged in hot pursuit of the vehicle matching the police dispatch; that the chase ended in a field with shots being exchanged; and that defendant was apprehended at the scene with the stolen merchandise subsequently found in the back seat of the brown automobile in which the defendant had been a passenger.