**Frank Dean ELLIOTT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–678.**

Court of Criminal Appeals of Oklahoma.

April 18, 1988.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Lana Cohlmia, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Frank Dean Elliott, was found guilty in the Pottawatomie County District Court of Petit Larceny After Former Conviction of a Felony (21 O.S.1981, § 1704 and 21 O.S.1981, § 51(A)) in Case No. CRF–84–39. He was sentenced to two and one-half years' imprisonment.

On February 17, 1984, the Shawnee Police Department owned the tape recorder that was assigned to Officer Phillips for use in his detective work and that is the subject of this theft.

The appellant was an inmate and trustee at the Shawnee Jail. Along with his privileged status went some special duties, one of which was cleaning Officer Phillip's of-fice. Officer Phillips recalled that the appellant had access to his office and had in fact been in it earlier on the day of the theft.

When Phillips arrived at the department, the appellant was, coincidentally, being released from jail. The undisputed facts indicate that Phillips confronted the appellant in the release area about the missing tape recorder and continued questioning him alone in a nearby "visiting" room.

During the interrogation, the appellant admitted that he had taken the tape record-er from Officer Phillip's desk. Shortly thereafter, the appellant retrieved the recorder from his cell. Appellant's defense was that he planned to supply the police with information about some stolen property. Although it was never discussed, the appellant thought that it would aid his attempt to implicate the thieves if he took the tape recorder he found in Phillip's office. The appellant never obtained permission from anyone to use the tape recorder. At trial, Detective Wingo corroborated the appellant's story.

In his first assignment of error, the appellant alleges that the trial court improperly admitted the inculpatory statements which he made to Officer Phillips. The appellant argues that his confession was given without the warning required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that the trial judge failed to make a proper ruling on whether or not his confession was voluntary.

The appellant correctly asserts that the burden on the prosecution to prove waiver of *Miranda* rights is "great". *See North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). The State must first establish that the *Miranda* warning was properly given. According to the United States Supreme Court, the State can discharge this entire burden by offering testimony which establishes that the warning was given and that the defendant understood that he or she could waive these rights.

While Officer Phillips testified that he omitted from his police report the fact that he had given the appellant the *Miranda* warning, the rest of his testimony sufficed to discharge the State's burden to show waiver. Whether or not the officer's failure to include this detail in his report was proof that he failed to read the appellant his *Miranda* rights was a matter concerning credibility and was properly left to the jury.

The appellant's second argument is that the trial judge did not adequately determine whether his confession was voluntary. In *Jackson v. Denno*, 378 U.S. 368, 382, 84 S.Ct. 1774, 1783, 12 L.Ed.2d 980 (1964), the Supreme Court held that since a jury "may find it difficult to understand the policy forbidding reliance upon a coerced, but true, confession," it should not be given the opportunity to hear the confession evidence until a judge or other body has made an independent finding of voluntariness outside its presence. In the instant case, the trial judge heard evidence pertaining to appellant's confession and then overruled his motion to suppress.

■ This Court will not disturb the trial court's decision to admit a confession when such a ruling is supported by sufficient evidence that the statement was voluntarily given. *Kelsey v. State*, 569 P.2d 1028 (Okl.Cr.1977). The appellant's arguments in support of his first assignment of error are without merit.

■ In his second assignment of error, the appellant claims that the trial court tainted the jury's deliberations to his detriment. The appellant first argues that the judge gave an instruction to the jury which coerced it into reaching an agreement on his punishment. Sometime after the jurors had begun deliberating, the foreman sent a note to the judge informing him that they had irreconcilable differences and thus could not come to an agreement on the appellant's sentence. The judge questioned the jurors in the presence of counsel and discovered that they had unanimously determined the appellant's guilt but could not, due to two dissenting jurors, agree on punishment. When asked whether they felt that reaching a consensus was impossible, the two dissenters were the only ones who said "No."

Without objection from either counsel, the judge instructed the jury to continue deliberations and informed them that if they could not agree on the sentence, the court would impose punishment. *See* 22 O.S.1981, § 927. The judge also reiterated the unanimity requirement. Sixteen minutes later the jury returned with a verdict of guilty and a sentence of two and one-half years.

The appellant's claim that the jury was coerced into reaching an agreement on punishment is based on a misinterpretation of the facts. After reviewing the record, it does not appear that the instructions were given in a manner that would have pressured the jurors into reaching an agreement. *See Scott v. State*, 510 P.2d 1008, 1011 (Okl.Cr.1973) quoting *Shanahan v. State*, 354 P.2d 780, 786 (Okl.Cr.1960).

■ In his second argument in support of his claim that the trial court tainted the jury's deliberations, the appellant asserts that the jury was allowed to separate after the case was submitted to them and he is thus entitled to a presumption that he was prejudiced. Title 22 O.S.1981, § 857 has been construed as a requirement that the jury not be allowed to "separate." *Hayes v. State*, 397 P.2d 524, 527 (Okl.Cr.1964). If the jury has been sent to deliberate and is then allowed to separate and commingle with people outside of their group, prejudice to the defendant is presumed. *Id.*

■ With counsel for both sides present the judge in the instant case allowed the jury to "separate" and go unattended to the courthouse vending machines. It was late at night and the judge reasoned aloud that there were probably not any people in the building, aside from relatives, with whom the jurors could communicate. Neither party's attorney objected to the judge's decision. When the court allows the jury to separate and counsel for both sides is present, their failure to object waives any potential error caused by the separation. *Walters v. State*, 554 P.2d 862

(Okl.Cr.1976); *Hobson v. State*, 277 P.2d 695 (Okl.Cr.1954).

In appellant's third assignment of error he claims that the trial court committed reversible error by giving instructions that were confusing and contradictory. During the trial the judge sustained the appellant's demurrer regarding the value of the tape recorder and thereby reduced the original charge from grand to petit larceny. The trial continued and the case was later submitted to the jury under the charge of petit larceny after former conviction of a felony. It is the combination of the following two instructions that the appellant now complains:

> #15: The Court has determined as a matter of law that there is insufficient evidence to support a conviction of grand larceny and accordingly the case is submitted to you on the issue of petit larceny.

> #19: You are instructed that the statute provides that: larceny is the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof. *Grand larceny* is larceny committed in either of the following cases: 1) When the property taken is of value exceeding fifty dollars; 2) When such property, although not of value exceeding fifty dollars in value, is taken from the person of another. Larceny in other cases is petit larceny. No person may be convicted of petit larceny unless the state has proved beyond a reasonable doubt each element of the crime. These elements are: First, taking; second, carrying away; third, personal property; fourth, of another; fifth, of value; sixth, by stealth; seventh, with the intent to deprive permanently (emphasis added).

While "[i]nstructions should be clear, explicit, and free from ambiguities and contradictions," an instruction which is merely confusing and not totally erroneous is viewed as harmless unless the complaining party can prove that it mislead the jury and thus prejudiced him. *Scaggs v. State*, 417 P.2d 331, 336 (Okl.Cr.1966) quoting *Price v. State*, 1 Okl.Cr. 358, 388, 98 P. 447, 460 (1908).

■ The allegedly confusing instructions in the instant case were identical to the language in 1982 Okla.Sess.Laws, ch. 277, § 4, now 21 O.S.Supp.1986, § 1704 and are thus presumptively valid. *Fish v. State*, 505 P.2d 490 (Okl.Cr.1973).

■ We also note that counsel for appellant did not actually object to these instructions at trial. According to the trial transcript, the appellant's attorney warned the judge that instruction number nineteen defined grand larceny and told him that he could see no reason to include the value figures in the wording. The judge explained that the instruction was taken directly from 1982 Okla.Sess.Laws, ch. 277, § 4, now 21 O.S.Supp.1986, § 1704, and counsel proceeded without further complaint. Because the appellant failed to properly object to the instructions given and neglected to offer one which he would have preferred, he waived any error.

Finding no error, judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

While I agree with the ultimate resolution in this case, I think certain arguments raised in appellant's brief should be addressed. Appellant urges that an officer's testimony alone is not sufficient to show that *Miranda* warnings were given. However, we have repeatedly held that, under certain circumstances, such testimony may be sufficient. *Johnson v. State*, 653 P.2d 219 (Okl.Cr.1982); *Marshall v. State*, 561 P.2d 1370 (Okl.Cr.1977). Further, appellant failed to object to the officer's testimony at trial.

Appellant also complains about a confusing instruction given by the trial court. *Van Buskirk v. State*, 611 P.2d 271 (Okl. Cr.1980), presented a similar situation. In *Van Buskirk*, the defendant was charged with second-degree murder, but the judge determined that the evidence only supported the lesser charge of second-degree manslaughter. However, he instructed the

jury on both second-degree murder and second-degree manslaughter, while also telling the jury that there was insufficient evidence as a matter of law to find defendant guilty of second-degree murder. The jury rendered a verdict of guilty of second-degree manslaughter. This Court upheld the conviction, agreeing that the instruction was incorrect, but pointing out that the defendant was not prejudiced.

Similarly, in the case at bar, the trial court determined as a matter of law that there was insufficient evidence to support a conviction of grand larceny; however, the jury was instructed on the elements of grand larceny as well as petit larceny. Appellant was convicted of petit larceny. Clearly, appellant suffered no prejudice as a result of the incorrect instruction.

Accordingly, I concur.