**Jeffery Channing BAYLISS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-87-732.**

Court of Criminal Appeals of Oklahoma.

July 30, 1990.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., and A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice–Presiding Judge:

Appellant was convicted of First Degree Murder after a trial by jury in the District Court of Cleveland County, Case No. CRF–85–1322. In accordance with the jury's recommendation, he was sentenced to a life sentence in the custody of the Department of Corrections. He has properly perfected his appeal to this Court.

Because we have identified error which requires reversal of this case, we do not deem it necessary to go through a recitation of the facts underlying the crime for which Appellant was convicted. We are concerned only with the course of events which occurred after the jury was charged and had begun its deliberations in this case.

The jury began deliberating at approximately 11:42 a.m. on November 21, 1986. At 6:55 p.m., the court called the jury into the court room and inquired whether a verdict had been reached. When the foreman replied that the jury had not yet been able to reach a verdict, the court decided to recess for the day. Counsel for Appellant specifically requested that the jury be sequestered in accord with 22 O.S.1981, § 857, which provides:

After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court.

Appellant cites *Elliot v. State,* 753 P.2d 920 (Okl.Cr.1988) in support of his proposition that § 857 establishes a mandatory rule of sequestration after deliberations have commenced. In *Elliot,* we held:

Title 22 O.S.1981, § 857 has been construed as a requirement that the jury not be allowed to "separate." *Hayes v. State,* 397 P.2d 524, 527 (Okl.Cr.1964). If the jury has been sent to deliberate and is then allowed to separate and commingle with people outside their group, prejudice to the defendant is presumed. *Id.*

*Id,* at 922.

In the *Elliot* case, the trial court allowed the jurors to go to the snack bar area of the court house during its late evening deliberations. Neither party objected. After considering the fact that there was probably no one in the courthouse for the jurors to communicate with at such a late hour, we held that the error was waived due to defense counsel's failure to object. The same result, that of waiver, was also reached by this Court in *Walters v. State,* 554 P.2d 862 (Okl.Cr.1976) and *McKinley v. State,* 403 P.2d 789, 791 (Okl.Cr.1965).

 The situation in the present case is quite different from the circumstances in the cases cited to us by the State. We are concerned here only with the lack of sequestration *after the jury has been charged.* The State cites *Harvell v. State,* 742 P.2d 1138 (Okl.Cr.1987); *Collums v. State,* 695 P.2d 872 (Okl.Cr.1985) and *Tomlinson v. State,* 554 P.2d 798 (Okl.Cr.1976) in support of its position that the decision to sequester is within the discretion of the trial court and may be overturned on appeal only upon a showing of abuse. While we agree that these cases apply to that proposition, all three cases make it clear that they concern the sequestration of the jury only prior to giving of the charge. In that situation, the burden of showing prejudice is quite clearly with the defendant. *Collums,* 695 P.2d at 875; *Tomlinson,* 554 P.2d at 803. *See also Matricia v. State,* 726 P.2d 900, 903 (Okl.Cr.1986); *Byrd v. State,* 657 P.2d 183, 185 (Okl.Cr.1983); *Glass v. State,* 445 P.2d 420, 421 (Okl.Cr.1968); *French v. State,* 416 P.2d 171, 176 (Okl.Cr.1966).

■ In the present case, we are faced with a situation such as was discussed by this Court in *Page v. State*, 332 P.2d 693, 694 (Okl.Cr.1958). In the syllabus by the Court, the rule was stated:

> The provisions of 22 O.S.1951, § 857 imperatively require that upon final submission of the case to the jury, they cannot be permitted to separate, such separation vitiates the verdict, in the absence of proof by the state that no prejudicial injury resulted by reason of their separation.

Based on the application of this rule to the facts of the *Page* case, the Court reached the following conclusion:

> The refusal of the trial court of the defendant's request at the close of argument to have the jury placed in charge of a sworn officer, and the failure and refusal of the court at the close of argument to submit the cause and to have the jury kept together in charge of a sworn bailiff constitutes prejudicial error.

*Id.*

In the present case, the trial court erred when it refused Appellant's request to sequester the jury. Accordingly, prejudice is presumed. *Elliot*, 753 P.2d at 922; *Ford v. State*, 330 P.2d 214 (Okl.Cr.1958). When this issue was again raised by Appellant as part of his motion for a new trial, the trial court again ruled against Appellant holding that because he had not attempted to question the jury when it resumed deliberating, he could not establish prejudice. As is made clear above, this was not a proper ruling under the law. The burden to show prejudice was not the defendant's. Instead, the burden was with the State to rebut the automatic presumption of prejudice. There was no effort made to take on this challenge.

Accordingly, we find that the presumption of prejudice which arises when § 857 is violated after the charge to the jury mandates that we REVERSE Appellant's conviction and REMAND the case for a new trial.

PARKS, P.J., specially concurs.

BRETT, LUMPKIN and JOHNSON, JJ., concur.

PARKS, Presiding Judge, specially concurring:

While I concur with the majority, I would also vote to reverse due to the trial court's failure to hold a post-examination competency hearing. The record reveals that upon defendant's application, the court determined there was doubt as to the defendant's competency to stand trial. The court ordered a psychiatric examination in accordance with the procedure specified in 22 O.S.1981, § 1175.1—1175.8. However, there is no evidence in the present record that the court then held a post-examination competency hearing as required by 22 O.S. 1981, § 1175.4.

Once the examination has been completed, a "hearing on the competency of the person *shall* be held." Title 22 O.S.1981, § 1175.4(A) (emphasis added). The statutory language clearly provides that a post-examination hearing is mandatory in every case in which a competency examination is conducted. *See Scott v. State*, 730 P.2d 7, 9 (Okl.Cr.1986); *Kelly v. State*, 735 P.2d 566, 567 (Okl.Cr.1987). Accordingly, failure to hold a post-examination competency hearing dictates reversal as well.