**John Louis WALKER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15487.**

Court of Criminal Appeals of Oklahoma.

May 19, 1971.

Valdhe F. Pitman, Oklahoma City, Okl., for plaintiff in error.

Larry Derryberry, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

The plaintiff in error, John Louis Walker, who shall hereinafter be referred to as defendant, was charged by information in the District Court of Oklahoma County with the crime of Burglary Second Degree, After Former Conviction of a Felony. He was tried before a jury, found guilty, and sentenced to serve ten years in the penitentiary. Defendant lodged his appeal within the time prescribed by statute, asserting numerous assignments of error.

The evidence reveals in substance and agreed upon in both the state and defendant's brief, as testified to by the following witnesses:

Mrs. Katherine Leonard, Manager of Tom's Market, 1136 North Walnut, Oklahoma City, Oklahoma, testified that no one had permission from her to enter the store in question on the night of January 10th, or early morning of January 11th, 1969. She was called to the store in the early morning hours of January 10, 1969, and testified concerning a glass door being broken, the size of the hole in the door being large enough to admit a grown person; an inventory being taken, and evidence as to the type of property that was missing.

Jimmy Joe Sills, a newspaper boy for the Daily Oklahoman & Times, testified that he arrived in front of Tom's Market on January 11, 1969, at approximately 5:00 A.M. while distributing papers. He, at that time, saw that the glass door had been knocked out and observed the defendant behind the counter picking up cigarettes inside the store. He testified that the defendant attempted to flee the area, that he detained the defendant until other individuals arrived and forced him to release the defendant, and that thereafter he reported the incident to the Oklahoma City Police Department. He further testified that when the defendant was released after he had been threatened by other individuals, the defendant dropped a number of cartons of cigarettes which the defendant had then in his possession.

Danny Russell Mercer, Oklahoma City Police Department, testified that he arrived at Tom's Market at approximately 5:10 A.M., on January 11, 1969, pursuant to a radio dispatch; talked to Sills, and described the broken glass door as well as the interior and exterior of the building.

Cletus Berry, employee of Tom's Market, testified that at approximately 11:00 or 11:20 P.M. on January 10, 1969, he closed that store, locked the doors and described the premises at the time he left at the end of his day's work.

Anthony W. Hyde, Oklahoma City Police Department, testified that as a result of a radio broadcast of a burglary at 5:30 A.M. on January 11, 1969, he stopped a ve-

hicle meeting the description of that provided in the broadcast, that the vehicle contained two Negro males and one Negro female, which met the description of the broadcast provided to him concerning a reported burglary. He thereafter arrested the defendant and the other three occupants of the car, informed them of their constitutional rights, and testified that after being appropriately warned of his constitutional rights, the defendant orally admitted that he was the one who broke into Tom's Market. A hearing was held outside the presence of the jury to determine the admissibility of the defendant's oral "confession", the confession was ruled admissible and thereafter was presented to the jury. In rebuttal, Enos Ables, Oklahoma City Police Officer, partner of Officer Hyde, testified concerning the circumstances of the defendant's oral confession immediately after arrest.

The defendant presented an alibi and witnesses in support thereof who in substance testified as follows:

Vera Haddox testified she and the defendant were out together the early morning hours of January 11, 1969, that walking they passed by Tom's Market at approximately 5:00 A.M., and that at that time the front glass door was broken open. She went on about her business and testified that the defendant remained in the vicinity of the store and described him as "nosey". Jean Flynn, sister of Haddox, testified she passed Tom's Supermarket between 4:20 and 4:30 A.M. on January 11, 1969, and saw no damage to the store. Maybell Beard testified that she sent her small son to the store shortly prior to 7:00 A.M. on January 11, 1969, and that he returned saying he had found cigarettes in the vicinity of the store and that the store was not open.

The defendant, John Louis Walker, testified that he, in the company with Vera Haddox, were walking past Tom's Market in the early morning hours of January 11, 1969, that they observed the glass door broken out, cartons of cigarettes on the sidewalk in front and that he remained when Haddox continued on her own business. The defendant admitted on the witness stand that he had entered the store, was taking merchandise therefrom and was discovered by the "paper boy" whom he claimed pulled a gun on him. That he, the defendant, jumped on the paper boy and left the area. The defendant denied that he broke the glass door but admitted that he was inside the store stealing cigarettes when found by the paper boy, Sills. The defendant further denied that he had admitted to the officers that he had broken into the store at the time of his arrest.

During cross-examination the defendant admitted three prior convictions for second degree burglary, two being in the District Court of Oklahoma County, as fixed by specific dates.

After the jury returned a verdict of guilty to second degree burglary, evidence was presented as to two prior second degree burglary convictions in the District Court of Oklahoma County, Oklahoma; and the jury retired thereafter returning a verdict of guilty of burglary second degree, after former conviction of a felony and fixed his punishment as described.

Defendant contends that the trial judge erred when he overruled defendant's Demurrer to the Evidence, and Motion for a Directed Verdict because of the failure to prove a breaking and entering. We cannot agree with defendant's contention in this regard as the jury had before them all the testimony and even though there was a conflict in the evidence, it was within the province of the jury to ferret out the truth. Defendant was observed by Witness Sills inside the place of business, picking up cigarettes behind the counter and the door glass was broken out and shattered. Upon seeing Witness Sills, defendant fled the premises and Sills made efforts to detain defendant until the arrival of two other people who compelled Sills to release defendant and they left in a car together. When the defendant was apprehended by the police, he admitted that he

broke into the market in question. The fact that defendant was found in the market with the only visible means of entry being a door with the glass broken out, is a circumstance from which the jury would be justified in rendering their verdict. We feel this contention of error to be without merit.

Defendant contends that his admission of breaking into the market was error and not in accord with the case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694. However, the record reveals a hearing was held outside the presence of the jury and in the mind of the trial judge revealed that defendant received the proper admonition prior to making the oral admission.

■ Defendant makes the further contention that prior convictions introduced by the state were inadmissible as the judgment and sentence did not show defendant was properly represented by counsel. However, since the trial, the state supplemented the casemade with a copy of the court docket which revealed that defendant was represented by counsel in each of the cases introduced at the trial. It is the best policy to show defendant was represented by counsel at the time of the introduction of the judgment and sentence, however, the important question presented is "Was defendant represented by counsel?", and undoubtedly he was, as depicted by the court dockets.

■ Defendant next contends that it was error to permit the introduction of more than one previous conviction in order to establish an "after former" accusation. The statute permitting evidence of a previous conviction is described as follows: Title 21 Okl.St.Ann. § 51, and it provides that:

> "Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction is punishable therefor as follows: * * *."

Since the statute is singular and is designed expressly for the purpose of enhancing the punishment, I am of the opinion that the listing of one previous conviction is sufficient and to list more would be putting the defendant's character and reputation at issue in case defendant chose not to take the stand. This would be highly prejudicial to the defendant. However, the Court, as now constituted, does not agree with this rationale.

After a careful review of the briefs and record, we do not feel that there are any errors that would justify reversal, and in view of the fact that defendant got the minimum sentence, it does not justify modification.

Therefore, the case is affirmed.

BUSSEY, P. J., and BRETT, J., concur.