**Mary Kathryn JONES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–16112.**

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1971.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Jeff L. Hartmann, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Mary Kathryn Jones, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Petty Larceny, After Former Conviction of a Felony. Her punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Cheryl Ann Jackson testified that she was the supervisor of the Junior Department of the J. C. Penny Store in Shepherd Mall. She testified that on the afternoon of December 20, 1969, she observed the defendant and a companion trying on garments in the dressing room of the Junior Department. She observed the defendant for approximately thirty to thirty-five minutes and kept a list of the items the defendant and her companion took into the dressing room, as well as the items that were returned. As the defendant started to leave the department, she observed that a lavender colored skirt, which the defendant had taken into the dressing room, had not been returned. She checked the dressing room and did not observe the skirt. She identified State's Exhibit One, a lavender colored skirt, as the skirt the defendant had taken into the dressing room. The value of the skirt was $9.00. She testified that the skirt had not

been purchased or paid for, because the ticket on the skirt had not been torn in half.

H. V. Grear testified that he was employed at the J. C. Penny Store as the Security Supervisor. He observed the defendant and her sister take various items, including a lavender colored skirt, into the dressing room. After seeing the defendant leave the department without bringing out the skirt, he conferred with Miss Jackson who had left the department. He asked the defendant, "How about the skirt you took in," whereupon the defendant stated, "I don't know what you're talking about." He asked the defendant and her sister to accompany him to the conference room and called the police.

W. Lee Brown testified that he was a Lieutenant with the Oklahoma City Police Department and was employed off duty by the J. C. Penny Store. He testified that while the defendant and her sister were being transported to the police station, he observed the defendant take a lavender colored skirt from beneath her dress and attempt to hide it in the rear seat of the police unit. He identified State's Exhibit One as the skirt which was taken from the defendant.

For the defense, Betty Ann Daniels testified that she was in the J. C. Penny Store with her sister, the defendant. She tried on various skirts and dresses without finding what she wanted. She and her sister left the department and were stopped by Mr. Grear, who asked them about a dress. She testified that she did not observe her sister take anything from the Junior Department. They were ordered to accompany Grear to the conference room, and were subsequently transported to the police department. As the police unit stopped in front of the police station, she heard Officer Brown state, "I saw you take that skirt from under your dress." She observed him reach between the seat and take the dress. She testified that she was looking in the back seat on the way to the

police station and did not observe the defendant remove the skirt from under her dress.

The first proposition asserts that "the conviction should be reversed on the ground the State failed to prove with sufficient and competent evidence that the defendant took the merchandise from the store." From the foregoing statement of facts we are of the opinion that the evidence, although circumstantial, was sufficient to support the jury's verdict. We have repeatedly held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl. Cr., 468 P.2d 805 (1970).

■ The final proposition contends that the punishment is excessive and was given under passion and prejudice. The defendant first argues that the jury was prejudiced by the remark of the witness Brown. The Record reflects that upon cross examination, the defendant's attorney propounded the following question:

"Where was Mr. Grear during this time? Was he around the department or was he in and out?

"ANSWER: He was in the store. To my knowledge most of the time was spent in the ladies ready to wear. This is where their highest losses were."

The trial court thereupon admonished the jury to not consider this comment as not being responsive to the question. We are of the opinion that the comment did not link the defendant to any losses, but rather explained the reason for Grear's presence in the ladies ready to wear department. The defendant next argues that the information contained more than one prior felony conviction which unduly prejudices

the jury against the defendant. We have repeatedly held that it is permissible to charge in the information one or more offenses of prior convictions. Walker v. State, Okl.Cr., 485 P.2d 761 (1971). Because of the prior record of this defendant, we cannot conscientiously say that the punishment imposed, although the maximum, shocks the conscience of this Court.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, J., concurs.