**Larry Michael MOORE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16659.**

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1971.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Larry Michael Moore, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County, Oklahoma conjointly with Robert Lee Alexander and Flynn Noye Hicks, with the crime of Grand Larceny, After Former Conviction of a Felony. He was tried and convicted of the said offense, and his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Gary Stockton testified that he was the manager of Pet Parade, Incorporated, located at Shepherd Mall in Oklahoma City, Oklahoma. On September 18, 1970, Mr. Nichols, the assistant manager, opened his door of his office in the back of the store and asked him to "hold those boys." He proceeded toward the front of the store and observed the defendant coming from behind the cash register. He continued walking toward the front of the store and noticed a newspaper with some money protruding out of the paper and the defendant Alexander's hand. He stopped defendant Alexander and inquired about the money, wherein defendant Alexander replied that it was his and handed it back to him. He testified that prior to this time the cash register contained some one hundred and fifteen dollars, and subsequent thereto, only change remained. After receiving the money from the defendant Alexander, he attempted to pull the sliding door shut, wherein the defendant ran out of the door. The other two defendants were restrained in the store until the security guards arrived.

John Nichols testified that he was employed at the Pet Parade, Incorporated on the afternoon in question. He observed three defendants come into the store together. The defendant and defendant Alexander remained at the front of the store while defendant Hicks proceeded to the rear. He heard the cash register ring and opened the door of the back office to see if Mr. Stockton was at the front of the store making a sale, and noted that Stockton was sitting at his desk. After notifying Stockton, he proceeded to the front of the store and observed the defendant by the swinging door that enters into the cash register area. He walked to the cash register and upon opening the same, observed that all the monies were taken out with the exception of some change. He testified that prior to this time the cash register contained one hundred and fifteen dollars ($115.00). Upon returning the monies recovered from defendant Alexander, he ascertained that $32.00 and some change was still missing.

The defendant did not testify nor was any evidence offered in his behalf.

The first proposition asserts that the verdict is not supported by the evidence. From the foregoing statement of facts, we are of the opinion that the evidence, although circumstantial, was sufficient if believed, to support the jury's verdict. We have consistently held that it is the exclusive province of the jury to weigh the evidence and determine the facts and when the evidence is based on probable testimony, the reviewing court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

The final proposition contends that the court erred in allowing multiple "after former conviction" allegations. We have previously held that it is proper to charge in the information one or more offenses of prior convictions and offer proof to sustain the same. Stanford v. State, Okl. Cr., 363 P.2d 515.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, J., concurs.