William Thomas **FIELDS,** Jr., **Appellant,**

v.

The **STATE** of Oklahoma, **Appellee.**

No. A–16903.

Court of Criminal Appeals of Oklahoma.

March 21, 1973.

Rehearing Denied April 30, 1973.

Bay, Hamilton, Renegar & Lees, Oklahoma, City, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

The Appellant, hereinafter referred to as defendant, was charged with the crime of Carrying a Concealed Weapon under 21 O.S. § 1283. He was convicted in stage one of a two stage proceedings and sentenced to two (2) years imprisonment during the second stage of the trial. The trial was conducted in Oklahoma County, Case No. CRF–71–37 by Judge William S. Myers, Jr., presiding over the jury. From the judgment and sentence of the trial court, defendant has perfected a timely appeal.

Oklahoma City Police Officers Owens and Ratikan were working vice squad duty with Officers Snipes and Knight on the morning of January 6, 1971. At approximately 12:45 a. m. Officers Owens and Ratikan, dressed in plain clothes and driving an unmarked vehicle, attempted to make a *"whiskey buy"* at an all-night service station located at 2120 Exchange Avenue in Oklahoma City. Officers Owens and Ratikan drove into the driveway of the service station and saw the defendant Fields standing in the doorway of the station. Officer Ratikan asked Fields for a fifth of whiskey and Fields' reply was that he didn't know the men. Officer Ratikan asked the defendant for a fifth of whiskey a second time and according to the testimony of the officers, Fields said "Hook 'em up." Officer Ratikan testified that he could only see the defendant's forearms and did not at first see a pistol until Officer Owens brought it to his attention and then he noticed a small pistol in the right hand of the defendant. After seeing the weapon, the officers pulled out of the station and drove a few blocks to the location of Officers Snipes and Knight, who were waiting in a black and white police vehicle. Since Officer Ratikan was familiar with the defendant from his police record, he knew that Fields had been convicted of previous felony charges and related the events of what happened at the station to Officer Snipes. The officers then proceeded to the service station. Officer Snipes testified that upon arriving he was the first to enter the service station and at that time confronted the defendant. According to Officer Snipes' testimony, the defendant reached for his right hip pocket and Officer Snipes restrained his arm and reached around the defendant pulling a .22 caliber derringer from the defendant's pocket.

Emmett Ray Hughes, an employee of the defendant at the service station, testified to facts in conflict with those previously stated. He testified that on the morning in question a car, an El Camino Chevrolet, pulled into the service station at approximately 12:45 a. m. and that he went to the car to see what service the occupants needed. The person driving the vehicle told him to go around to the other side of the car and speak with the passenger. Hughes stated that he did so and that the passenger asked Hughes for a bottle of whiskey. Hughes testified that he did not know what the men were talking about. Hughes then stated that the officers continued to ask him for whiskey and after several requests, he went inside the station. Hughes told the men in the car to leave and, according to Hughes' testimony, one of the passengers made an obscene gesture and Hughes yelled at the occupants of the vehicle. Then the car stopped and Hughes said that he called for the aid of the defendant. Further in his testimony, he stated that the defendant had been in the back of the service station shooting rats with a .22 caliber derringer loaded with rat-shot that was kept at the station. The balance of Hughes' testimony was to the effect that the defendant had a derringer in his pocket but that at no time during the confrontation with the police officers did he remove it.

Defendant's first proposition of error asserts that the trial court erred in its failure to grant the defendant's motion to suppress the evidence. The basis for the defendant's contention is that the arrest of the defendant was illegal and therefore, the evidence obtained is inadmissible at trial. We disagree. Officers Ratikan and Owens both observed the defendant with a weapon before they left the service station. Since Officer Ratikin was familiar with the defendant's police record and had personal knowledge that the defendant had had a previous felony conviction, the officer had reasonable cause to arrest the defendant and could have made the arrest at the scene but chose to wait until he could return with the uniformed police officers. Title 22 O.S.1971, § 196 sets out the grounds upon which an officer can make an arrest without a warrant. One of those grounds is:

"For a public offense, committed or attempted in his presence."

Since the defendant was carrying a weapon after a former conviction of a felony, he was committing a felony in the presence of the officers and they had reasonable cause to arrest the defendant. Since the arrest was valid, the trial court properly refused the defendant's motion to suppress.

The defendant's second proposition of error asserts that the trial court erred in refusing to instruct the jury on the defendant's requested instruction and that the instructions given by the trial court failed to properly set forth the laws of the State of Oklahoma or the Constitutional Rights of the defendant. This proposition is patently frivolous. The requested instruction of the defendant was untenable as a matter of law and was properly refused by the trial court. Gann v. State, Okl.Cr., 397 P.2d 686 (1964). Further the suggested ambiguity between 21 O.S. § 1283 in regard to after felony carrying of weapons and 21 O.S. § 1272 is without merit and does not deserve discussion. Renfro v. State, Okl.Cr., 372 P.2d 45 (1962).

The defendant's third proposition of error asserts that the trial court erred in not striking from the information one or more of the former convictions of the defendant. We have previously held that it is permissible to charge two or more prior convictions in an information and do not consider this proposition worthy of discussion. See Moore v. State, Okl.Cr., 491 P. 2d 359 (1971).

The defendant's fourth and final proposition of error asserts that the trial court erred in allowing the District Attorney to make improper and prejudicial remarks in his closing arguments to the jury and that these were detrimental to the defendant and prohibited him from having a fair trial. Upon examination of the record and statements by the District Attorney in his closing arguments, we do not find that statements made by the District Attorney substantially prejudiced the defendant in the eyes of the jurors. Further, the jury was properly admonished by the trial judge and any error which occurred in the District Attorney's statements were cured by this admonition. Easterling v. State, Okl. Cr., 267 P.2d 185 (1954); Murff v. State, Okl.Cr., 379 P.2d 710, 714 (1963)

For the foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby,

Affirmed.

BLISS, P. J., concurs.

BRETT, J., not participating.