**Benjamin William SCOTT, Jr., Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17895.**

Court of Criminal Appeals of Oklahoma.

May 30, 1973.

Rehearing Denied June 19, 1973.

Paul D. Brunton, Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Benjamin William Scott, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–71–1999, for the crime of First Degree Rape, After Former Conviction of a Felony. He was sentenced to serve a term of ninety-nine (99) years in the State Penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

At the trial, Irene Barnickel testified that she was the mother of the prosecuting witness; that she received a phone call from the prosecutrix at approximately 9:15 p. m., November 2, 1971; that while talking with the prosecutrix the prosecutrix temporarily excused herself from the conversation, but did not hang up the phone, in order to answer the door; and that the prosecutrix did not return to the phone conversation. Barnickel further stated that she went to her next door neighbor and called the police.

Joan Thompson, prosecuting witness herein, testified that on November 2, 1971, she was attending junior college and stated that she had just recently moved into an apartment. Her testimony corroborated that of her mother's, Irene Barnickel. According to Thompson, defendant pushed his way through the front door of the apartment, knocked Thompson down to the floor, and put a knife to her throat. Thompson further stated that defendant then jerked her up and pushed her into the bedroom, while holding the knife in one hand. Thompson related that defendant took her clothes off and penetrated her private parts with his private parts against her will and consent. According to Thompson, she was scared that defendant would cause bodily harm to her with the knife. Thompson then stated that a knock was heard at the door by her and defendant and that defendant, after looking out the window and seeing that it was police officers, stated, "I am going to open the door but if you say anything, I am going to have somebody kill you." Prosecutrix then wrapped a blanket around herself and informed the police as to what had occurred. She was then transported to a hospital for examination. According to Thompson she was twenty years old on the evening in question and did not know the defendant.

Officer Lyman Charles Griffin, Tulsa Police Department, testified that he was dispatched at around 10:00 p. m. on November 2, 1971, to the residence of the prosecuting witness. Upon arrival at the residence, Griffin knocked on the door, but there was no answer. After checking the downstairs area around the apartment, Griffin returned to the front door and again knocked. Defendant answered and after talking with defendant and prosecutrix, the defendant was placed under arrest by Griffin.

Dr. Tom L. Lobby, physician, testified that on the evening in question he examined prosecutrix at a hospital and concluded that prosecutrix had recently had sexual intercourse. Dr. Lobby further stated that there was no evidence of any contusions, lacerations, or bruises on the prosecutrix.

The defendant testified that he had met the prosecutrix on a previous occasion and that, on the evening in question, he had been invited by the prosecutrix to her apartment. He further testified that upon arrival at the apartment the prosecutrix willingly entered into sexual intercourse with him. On direct examination, defendant admitted of being convicted of burglary in both 1966 and 1968. Defendant stated that he was over eighteen years of age on November 2, 1971.

Defendant's first assignment of error, in two propositions, asserts that "in rape cases, where there are no aggravating circumstances, the jury must not be qualified as to the death penalty and the death verdict not submitted to them," and defendant also contends "that prospective jurors must not be excused for cause when voicing an objection to the death penalty." In Trow-

bridge v. State, Okl.Cr., 502 P.2d 495 (1972), we stated:

"In Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, Mr. Justice Stewart, speaking for the Court, stated:

'In Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, we have held that a death sentence cannot constitutionally be executed if imposed by a jury from which have been excluded for cause those who, without more, are opposed to capital punishment or have conscientious scruples against imposing the death penalty. Our decision in Witherspoon does not govern the present case, because here the jury recommended a sentence of life imprisonment.' "

■ In the instant case, the question of the exclusion of jurors for cause based upon their scruples against the death penalty was rendered mooot by the fact that defendant received a sentence of ninety-nine years imprisonment. Further, there is no evidence in the record which would reflect that the jury was "prosecution prone." See also Patrick v. State, Okl.Cr., 502 P.2d 1289 (1972).

Under 21 O.S. 1971, § 1114, in relevant part, First Degree Rape is defined:

"Rape committed by a male over eighteen years of age . . . and accomplished with any female [of any age] by means of force overcoming her resistance, or by means of threats of immediate and great bodily harm accompanied by apparent power of execution, preventing such resistance . . . "

Under 21 O.S. 1971 § 1115, the punishment for First Degree Rape is stated as:

" . . . by death or imprisonment in the penitentiary, not less than five (5) years . . . "

Inasmuch as defendant was convicted prior to the decision of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), which held that the imposition and carrying out of the death penalty in certain cases constitutes cruel and unusual punishment, and inasmuch as the factual circumstances of this case conform to 21 O.S. 1971 § 1114, as above cited, we are of the opinion that the jury could have returned a sentence of death. Hence, defendant's first assignment of error is without merit.

■ Defendant's third and fourth propositions, again combined, assert that proof of more than one former felony conviction was prejudicial to defendant and that the trial court further erred by receiving proof of one of defendant's prior felony convictions because such felony was committed by defendant when he was sixteen years old. During the guilt stage of the bifurcated trial, defendant admitted to being convicted of two prior felonies. Defendant argues that during the sentencing stage of the trial, the introduction of multiple prior felonies was used as a tool to persecute him rather than prosecute him. It has been consistently held by this Court that permitting introduction of more than one previous conviction in order to establish an "after former" accusation is not reversible error. See 21 O.S.1971 § 51; Walker v. State, Okl.Cr., 485 P.2d 761 (1971); and Moore v. State, Okl.Cr., 491 P.2d 359 (1971).

■ Lamb v. Brown, 10 Cir., 456 F.2d 18 (1972) held that Oklahoma statute 10 Okl.St.Ann § 1101[a], allowing females under age eighteen benefits of juvenile court while limiting same benefits to males under age sixteen, was unconstitutional. The court further stated that the ruling would not apply retroactively. The *Lamb* case was decided on March 16, 1972. On September 16, 1966, defendant was convicted, while under age sixteen, of a felony. Since the *Lamb* case is not to be applied retroactively, and since the 1966 felony conviction was a final judgment, it was not improper to introduce said prior felony conviction. Hence, defendant's third and fourth propositions are without merit.

■ The next proposition of error asserted by the defendant contends that the court committed reversible error in failing

to further instruct the jury when they could not agree on punishment. We disagree. Title 22 O.S. 1971 § 927 provides:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

It was stated in Shanahan v. State, Okl. Cr., 354 P.2d 780 (1960):

"Sec. 927 of Title 22, supra, would not be applicable and would not apply until after the jury had retired to deliberate and reached a verdict of guilty. *Then, and in that event, after diligent and sincere efforts,* they are unable to agree upon the punishment and so report to the trial judge, then Sec. 927, Title 22, supra, becomes applicable and the court shall require the jury to deliberate further after giving the additional instruction that if they then fail to agree they may so state in their verdict and leave the punishment to be assessed by the court." (Emphasis added)

In the instant case, the jury retired to deliberate the question of punishment at 2:07 p. m. Approximately one hour later, the jury returned into open court to ask a question. Thereafter, the jury again retired to deliberate at 3:14 p. m. Twenty minutes later, the jury returned and announced that they could not agree on punishment. The jury was then instructed to deliberate further at which time an agreement was reached. From a thorough reading of the record, it is apparent that the trial judge wisely determined that the jury had not made a diligent, sincere and strenuous effort to arrive at a verdict as to punishment. The trial judge shielded the jury from distraction by not informing them that the court would assess the punishment if they were unable to reach agreement as to punishment. See Ethridge v. State, Okl.Cr., 418 P.2d 95 (1966).

■ Defendant's final proposition asserts that the sentence was excessive. Under the evidence we cannot say that the sentence impressed was so excessive as to shock the conscience of the Court. See Roberts v. State, Okl.Cr., 473 P.2d 264 (1970); Turnbow v. State, Okl.Cr., 451 P. 2d 387 (1969); and Fields v. State, Okl. Cr., 501 P.2d 1390 (1972).

For all of the above and foregoing reasons, the judgment and sentence is accordingly affirmed.

BUSSEY, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring):
I concur that this conviction should be affirmed, but I believe it was improper to use the conviction sustained when defendant was sixteen years old. Under the facts and circumstances presented, I also believe the sentence is excessive.