Robert Franklin RAY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–60.

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1973.

Rehearing Denied Dec. 6, 1973.

Mac Oyler, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Robert Franklin Ray, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, for the offense of Concealing Stolen Property, Case No. CRF–72–1290. His punishment was fixed at four (4) years imprisonment in the state penitentiary and a fine of two hundred and fifty dollars ($250). From said judgment and sentence, a timely appeal has been perfected to this Court.

As this case requires reversal, we deem it only necessary to discuss two of defendant's propositions of error.

The defendant's first proposition of error asserts that the trial court erred in overruling the defendant's motion to suppress. The defendant's argument under this proposition is that his arrest was unlawful and the search occurring thereafter was likewise unlawful. We do not agree.

Briefly stated the facts surrounding defendant's arrest reveal that Gary Ingmire, an assistant district attorney for Oklahoma County, observed a vehicle pull into the parking area of an apartment complex where Mr. Ingmire lived. Mr. Ingmire recognized the driver of the vehicle as being the defendant in the instant case and the same person who earlier that week had been convicted and sentenced to fif-

teen (15) years imprisonment for Assault with a Dangerous Weapon in the District Court, Oklahoma County. Mr. Ingmire observed the hammer and butt of a pistol laying in the automobile driven by the defendant. He could not determine if the gun was loaded or not. After observing the gun, Mr. Ingmire proceeded to a service station where he telephoned the Oklahoma City Police Department, requesting that a scout car be dispatched to assist him. Thereafter, Curtis Green, an Oklahoma City Police Officer, met Mr. Ingmire. The information concerning the discovery of the gun in the defendant's vehicle was conveyed to Officer Green and together, Officer Green and Mr. Ingmire proceeded back to the apartment complex. While enroute, Officer Green and Mr. Ingmire observed the defendant exit out of the parking area and proceed south. Subsequently, the defendant's vehicle was stopped and Officer Green arrested the defendant. Mr. Ingmire did not know if the conviction of the defendant for the offense of Assault with a Dangerous Weapon had been appealed. The record reveals that the conviction had in fact been appealed. In the case of Booze v. State, Okl.Cr., 390 P.2d 261 (1964), this Court held:

"3. If a peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed to render the arrest lawful, but if he suspects one on his own knowledge of facts, or upon facts communicated to him by others, and thereupon he has reasonable ground to believe that the accused has been guilty of a felony, the arrest is not unlawful.

4. If the facts are such that a reasonably prudent man would have believed accused guilty, and would have acted upon that belief, a police officer is justified in making an arrest without warrant, although subsequent events prove that no offense had been committed."

We therefore find the arrest of the defendant and the subsequent search lawful.

The defendant's fifth proposition of error asserts that the trial court erred in instructing the jury they could leave punishment to the court, when defendant's requested instruction asked the jury to assess punishment. The trial court gave the following instruction:

"Should you find from the evidence, under the instructions, and beyond a reasonable doubt, that the defendant is guilty, it shall then be your duty to assess the punishment therefor, in your verdict, within the provisions of law set out herein. However, should you be unable to agree on the punishment, after using your best efforts to do so then you so state in your verdict, and leave it to be assessed by the Court."

In the case of Shanahan v. State, Okl.Cr., 354 P.2d 780 (1960), this Court stated at page 785 of the official opinion:

"It is now the opinion of this Court that the word 'shall' as used in Sec. 926, Title 22, supra, is to be construed as mandatory to the extent that the jury should make a diligent, sincere, and strenuous effort to arrive at a verdict as to the punishment as well as the guilt or innocence without distraction or invitation to do otherwise. In such cases where defendant requests the jury to assess and declare the punishment there is but one instruction required as to the punishment and that should be in substance as follows:

'Should you find from the evidence, under the instructions and beyond a reasonable doubt, that the defendant is guilty, it shall be your duty to assess the punishment therefore, in your verdict (without provisions of the law set out in the instruction.)'

"To go further and extend the invitation to leave the punishment to the court if they fail to agree would not be in compliance with defendant's request and would be considered detrimental to the statutory and constitutional rights of the defendant."

**551**

See also Scott v. State, Okl.Cr., 510 P.2d 1008 (1973) and Ethridge v. State, Okl.Cr., 418 P.2d 95 (1966). In the instant case the record reveals that the defendant did request the above quoted instruction, but the trial court did not give same. It is therefore our opinion that this constituted reversible error and this cause should be reversed and remanded for a new trial.

Reversed and remanded for a new trial.

BLISS, P. J., and BRETT, J., concur.