**James Ingram EWING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–393.**

Court of Criminal Appeals of Oklahoma.

July 22, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## MEMORANDUM OPINION

BRETT, Judge:

Appellant, James Ingram Ewing, hereinafter referred to as defendant, was charged, tried and convicted in Case No. CRF–73–2626, in the District Court, Oklahoma County, of the crime of Burglary in the Second Degree in violation of 21 O.S. 1971, § 1435. He was sentenced to serve a term of four (4) years in the State penitentiary. A timely appeal has been perfected to this Court.

Briefly stated, the evidence presented by the State of Oklahoma at defendant's trial

**1244**

was this: At approximately 12 o'clock on the night of September 20, 1973, Officers Lane and Cain of the Oklahoma City Police Department, received a call reporting a burglary in process at the Alamo Plaza Restaurant. As a result of that call, they apprehended the defendant and one Ray Ditto, Jr., inside the restaurant. A louvered vent in the rear of the building had been forced open. The police found tire tools, a screw driver and a brown cloth glove in the area where the defendant and Ditto were apprehended. The manager of the restaurant was called to the scene and identified the defendant, James Ingram Ewing, as a former employee of the restaurant. Subsequently, the defendant, having been fully advised of his rights, told the arresting officers that he had broken into the building with the intent of taking money inside. Ray Ditto testified for the State that he and the defendant pried open the air vent and entered the restaurant together with the intention of obtaining money. No evidence was offered in the defendant's behalf.

This appeal raises first the question of whether the evidence was sufficient to support the verdict of the jury. In determining the sufficiency of the evidence, the function of the Court of Criminal Appeals is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably and properly conclude that the accused is guilty as charged. Fields v. State, Okl.Cr., 322 P.2d 431 (1958). We are of the opinion that the evidence of the defendant's guilt in the instant case is overwhelming.

The second question raised by the instant appeal is whether the punishment imposed was excessive. As we have so often said, the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in the individual case, and the Court of Criminal Appeals has no power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the

conscience of the Court. The sentence here imposed does not exceed that provided by statute and, under the circumstances of this case, we are unable to say that it is so excessive as to shock the conscience of this Court. For the above and foregoing reasons it is the opinion of this Court that the judgment and sentence appealed from should be, and the same hereby is, affirmed.

BLISS, P. J., and BUSSEY, J., concur.