**Gary Kent HOWELL, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–695.**

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1975.

Rehearing Denied Feb. 6, 1975.

Don Hamilton & Jon L. Hester, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, Gary Kent Howell, hereinafter referred to as defendant, was charged, tried before a jury in a two-stage proceeding and convicted of the crime of Grand Larceny After Former Conviction of Felony in the District Court of Oklahoma County in case number CRF–74–194. After a verdict of guilty which left to the trial court the assessment of punishment, the trial court sentenced the defendant to eight (8) years in the state penitentiary. From said judgment and sentence the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: On the afternoon of January 15, 1974, Teresa Hobbs was operating cash register No. 4 at Plett's Discount Foods in Oklahoma City when two men walked up to her register to make separate purchases. After the defendant, first

in line, made his purchase he stepped behind the second man. As Miss Hobbs checked out the second man, she noticed that defendant was facing register No. 5 with his back to her and that there was no cashier at the register. She heard the cash drawer of register No. 5 shut and looked up in time to see the defendant walk out of the store with his right hand in his right pants pocket. She then notified the manager and pointed out the defendant to him.

The store manager, Bobby Gene Albertson, then testified that Miss Hobbs told him of the incident and pointed the defendant out to him. The defendant was on foot and Albertson followed him in his car. Shortly thereafter Chriss Tharp, the assistant manager, drove up and Albertson pointed out the defendant. Albertson then returned to the store, checked register No. 5 and determined that there was approximately $105.00 missing.

Chriss Tharp then testified that he met Albertson a short distance away from the store. After pointing the defendant out, Albertson left and shortly a police officer arrived and took the defendant into custody.

Midwest City police officer Richard Petit then testified that after being advised of the incident he circled the area and found the defendant. The defendant appeared to begin to run and then turned. At that time the officer noticed a large bulge in his right pocket, told him to place his hands on the hood of the car and searched his right pocket where he found approximately $118.00 in cash. The officer then advised the defendant he was under arrest.

After the State and the defendant rested with respect to the first stage of the proceeding, the jury returned a verdict of guilty. The defendant then stipulated that he had been convicted of five prior felonies.

■ Defendant's first proposition in error urges that the evidence presented at the preliminary hearing was insufficient to bind him over for trial. This Court has held on numerous occasions that on preliminary hearing the State need only show that a crime has been committed and probable cause that the defendant committed same in order to have the defendant bound over. 22 O.S.1971, § 264; Kovash v. State, Okl.Cr., 519 P.2d 517. A thorough reading of the transcript of the preliminary hearing indicates that cash was taken from register No. 5 and that there was reasonable cause to believe that the defendant had taken same without permission and had, therefore, committed the crime set forth in the information. We will not disturb the decision of the magistrate in the instant case.

Defendant next urges that the trial court erred in failing, over proper objection, to suppress the admission into evidence of the cash taken from the defendant's right-hand pants pocket by Officer Petit for the reason that same was obtained through an unlawful search of the person of the defendant prior to a custodial arrest. Again, we do not agree.

■ The evidence reflects that Officer Petit was advised that there had been a "till tapping" and the defendant had been pointed out to him as the party who had committed same. A police officer may arrest a person without a warrant upon facts communicated to him by others. The facts communicated to Officer Petit were based upon reasonable cause and he was justified in relying on same. Therefore, the arrest was not unlawful. 22 O.S.1971, § 196; Russell v. State, Okl.Cr., 433 P.2d 520; Booze v. State, Okl.Cr., 390 P.2d 261; and Welch v. State, 30 Okl.Cr., 330, 236 P. 68.

■ The arrest authorized by statute was accomplished when the officer told the defendant to come forward and place his hands on the hood of the automobile. The defendant's freedom of action had been restricted and he was subject to the control of the officer. This Court considers the arrest to have been made at that time and

the subsequent search of the defendant's pocket was legal. Battles v. State, Okl.Cr., 459 P.2d 623.

It should also be noted that the police officer testified as follows:

"Q: You found Mr. Howell. What did you do to Mr. Howell when you found him?

"A: Advised him to hold it. He first started to—appeared to me to run, and then he turned facing me. I noticed a large bulge in his right pocket.

\*     \*     \*     \*     \*     \*

"Q: Okay, okay. After he started to run and turned, what did you do?

"A: I noticed a bulge in his pocket. I immediately felt that it could be a weapon."

Therefore, the officer was justified in searching the defendant in order to discover and seize any weapon. See Hughes v. State, Okl.Cr., 522 P.2d 1331, and the cases cited therein.

The defendant's last proposition in error contends that the following instruction, to-wit:

"Should you find from the evidence, under the instructions, and beyond a reasonable doubt, that the defendant is guilty as charged of GRAND LARCENY after former conviction of a felony, you will so state in your verdict, and it will then be your duty to assess the punishment therefor within the provisions of the law as set out herein; but if you do not find beyond a reasonable doubt, that the defendant has heretofore been convicted of a felony, as charged in the information, set out herein, then you will find the defendant not guilty of GRAND LARCENY, after former conviction of a felony, and it will then be your duty to assess the punishment for the crime of GRAND LARCENY with the provisions of the law set out in these instructions, and you will disregard that portion of the charge, alleging the commission of the crime 'after former conviction of a felony.'

"However, if you are unable to agree upon punishment, after using your very best efforts to do so, so state in your verdict then you may leave the punishment to be assessed by the Court."

given by the trial court was erroneous and constituted fundamental error in that it gave the jury a "way out" before the jury even tried to discuss assessment of punishment.

In the recent case of Ray v. State, Okl.Cr., 516 P.2d 549, this Court held that the trial court committed reversible error in submitting the above instruction to the jury when the defendant had submitted a substitute instruction requesting that the jury assess punishment. However, in the instant case, the defendant failed to offer a substitute instruction requesting the jury to assess punishment and failed to present the issue to the trial court in his Motion for New Trial. The error is therefore waived. Shanahan v. State, Okl.Cr., 354 P.2d 780; and Neal v. State, Okl.Cr., 506 P.2d 936. In the instant case the trial court assessed punishment at eight years imprisonment. Considering that the defendant had previously been convicted of five felonies and the punishment assessed by the trial court was two years less than the maximum provided by law, it is our opinion that the sentence was not excessive. Therefore, defendant's last proposition is without merit.

It is therefore the opinion of this Court that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, J., concurs in results.

BUSSEY, J., concurs.