**William JOHNSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–81–674.

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1982.

David Miller, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

### MEMORANDUM OPINION

BUSSEY, Judge:

On appeal from his conviction of Robbery with Firearms, in Oklahoma County District Court, Case No. CRF–81–705, the appellant, William Johnson, raises two assignments of error.

First, Johnson argues that the trial court erred in failing to give a precautionary eye-witness identification instruction. A review of the record reflects that the eye-witness, Cathy Singleton, was positive of her identification of the appellant from her prior association with him, and did not waiver from it; there was no need for such an instruction. *King v. State,* 640 P.2d 983 (Okl.Cr.1982). Furthermore, the record is void of any objection by the appellant to the instructions given at trial, and of any request for instructions by him, nor were any complaints raised in his motion for new trial, nor in his petition in error; thus, this assignment of error has not been preserved for review on appeal. Moreover, the appellant specifically stated that he had no objection to the instructions, and has thus waived his right to allege error in them on appeal. *Butler v. State,* 645 P.2d 1030 (Okl. Cr.1982).

As his final assignment of error, the appellant contends that his confession was coerced and given under duress, and therefore, it was improperly admitted into evidence. In the in-camera hearing held for the purpose of suppressing the confession, Officer Lawrence Johnson testified that he gave the appellant his *Miranda* warnings in the presence of a secretary, and that the appellant advised him that he understood those rights. The signed confession corroborates the testimony of Officer Johnson that the confession was knowingly, voluntarily and intelligently made. We have previously held that this Court will not disturb the trial court's ruling permitting the introduction of a confession when supported by sufficient evidence that the statement was voluntarily given. *Kelsey v. State,* 569 P.2d 1028 (Okl.Cr.1977). We find that the trial court properly overruled the motion to suppress.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.